OPINION
Defendant Nicholas A. Bair appeals a judgment of the Court of Common Pleas of Licking County, Ohio, revoking his community control and imposing a sentence of one to five years in prison. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 THE WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE TRIAL COURT'S JUDGMENT.
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO A PERIOD OF INCARCERATION.
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A 1-5 YEAR INDEFINITE TERM OF INCARCERATION.
The record indicates appellant had been convicted of a charge of receiving stolen property, and ordered into a period of community control for five years. Several months later, the State alleged appellant violated the conditions of his supervision, and moved to revoke the community control. Specifically, the State maintained appellant's urine had tested positive for marijuana and cocaine, which was contrary to the trial court's specifically imposed conditions, and the probation department's general conditions of supervision.
 I
In his first assignment of error, appellant argues the weight of the evidence does not support the trial court's judgment that he violated the conditions of his probation. The motion to revoke probation cited eight reasons, and before us, appellee concedes only one basis was proven sufficiently to warrant revocation, the positive test on appellant's urine. The State maintains, however, this violation alone is sufficient to justify revocation of the community control sanctions and the imposition of jail time.
We find the trial court did not err in concluding appellant violated the terms and conditions of supervision, even given the concession of the State on appeal. We find the trial court's conclusions are supported by the weight of the evidence.
The first assignment of error is overruled.
 II III
In his second and third assignment of error, appellant argues the trial court should not have sentenced him to a period of incarceration of one to five years. The initial judgment did not impose incarceration, and appellant argues the court may not impose a new sentence, as opposed to reimposing an earlier suspended sentence.
Pursuant to R.C. 2929.19, effective July 1, 1996, at the sentencing hearing the court may determine a community control sanction is appropriate, but the court must notify the offender if he or she violates the conditions of the sanction, then the court may impose a longer time under the same sanction, may impose a different sanction, or may impose a prison term. The court must advise the offender of the specific prison term the court may impose if the offender violates the conditions the court sets.
On August 21, 1997, appellant signed a written change of plea which acknowledged if he violated the terms of his community control sanction, the court could impose a term of imprisonment of one to five years.
We conclude the court fully complied with Ohio law in imposing a one to five year indefinite term of incarceration upon its finding appellant violated the terms of his community control sanction.
The second and third assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.